| | |
|---|---|
| JIMMY ALLEN ROBERTS, ) <br> ) <br>     Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ERIK A. HOOKS, Secretary of ) <br> Department of Public Safety[1] ) <br> ) <br>     Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court upon initial review of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Jimmy Allen Roberts ("the Petitioner"). [Doc. 1]. Also before the Court is the Petitioner's Motion to Proceed *in Forma Pauperis* [Doc. 2], Motion to Enforce and/or Contempt Order [Doc. 3], Motion to Enforce and/or Contempt Order [Doc. 6], and Motion to Allow Plaintiff to Plead Guilty and Other Miscellaneous Requests [Doc. 7].

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates and has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]"). Accordingly, Erik A. Hooks, the current Secretary of Public Safety, is the proper respondent in this action.

## I. BACKGROUND

The Petitioner is a prisoner of the State of North Carolina. The Petitioner seeks to challenge his April 9, 2003 conviction from the Burke County Superior Court, to which the Petitioner pleaded guilty to first degree murder (two counts). [Doc. 1, p. 1]. The Petitioner was sentenced to life imprisonment. [Id.] The Petitioner did not file a direct appeal. [Id. at 2].

The Petitioner sought review of his conviction in state court, filing a Motion for Appropriate Relief in the Burke County Superior Court on October 8, 2004. [Id. at 3]. The Petitioner states that his motion was dismissed on September 4, 2011 and that he did not seek appellate review. [Id.]

Approximately eight years later in September 2019, the Petitioner filed a Petition for Writ of Habeas Corpus in Nash County Superior Court, which was dismissed on October 21, 2019. [Id. at 4]. The Petitioner sought certiorari review, which the North Carolina Court of Appeals denied on March 6, 2020. [Id. at 12]. The Petitioner filed a notice of appeal in the North Carolina Supreme Court seeking certification for discretionary review, which was denied on December 22, 2020. [Id.].

The Petitioner filed his § 2254 Petition for Writ of Habeas Corpus in this Court on February 25, 2021. [Doc. 1]. The Petitioner raises claims of ineffective assistance of counsel for inducement of guilty plea, subornation

2

of perjured testimony, failure to investigate and inquire into the Petitioner's state of mind, failure to object to 2011 competency hearing, and denial of request for assistance of counsel. [Id.]. The Petitioner also seeks to proceed *in forma pauperis* and has filed several motions which are now ripe for review. [Docs. 2, 3, 6, 7].

## II. DISCUSSION

### A. Motion to Proceed *in Forma Pauperis*

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 2]. Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The Petitioner's application shows that he has no income, no monthly expenses, and no assets, cash, or money in any bank accounts. [Doc. 2]. The Court is satisfied that the Petitioner does not have sufficient funds to pay the required filing fee and will grant the Petitioner's motion to proceed *in forma pauperis*.

## B. Timeliness of § 2254 Petition

The Petitioner's § 2254 Petition for Writ of Habeas Corpus appears to be untimely filed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

4

Case 1:21-cv-00058-MR   Document 8   Filed 09/22/21   Page 4 of 9

The Petitioner's judgment of conviction was entered in the trial court on April 9, 2003. Because the Petitioner did not file a direct appeal, his conviction became final fourteen days later on April 23, 2003, when the time for seeking appellate review expired. See N.C. R.App. 4(a)(2)(providing 14 days in which to file notice of appeal of criminal judgment). The Petitioner then had one year until April 23, 2004 in which to timely file his petition for writ of habeas corpus under 28 U.S.C. § 2254. See § 2244(d)(1)(A).

The one-year limitation period may be tolled during the time of a "properly filed application for State post-conviction action." 28 U.S.C. § 2244(d)(2). Although the Petitioner filed a Motion for Appropriate Relief ("MAR") in state court seeking post-conviction review, he did not do so until October 8, 2004—almost six months after his judgment and conviction became final. The Petitioner's post-conviction MAR did not toll the one-year limitations period for seeking § 2254 review because the Petitioner filed the MAR after the limitations period had expired. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period).

Even if it did toll the limitations period, the MAR was dismissed on September 4, 2011 and the Petitioner did not seek appellate review. Therefore, the § 2254 petition filed on February 25, 2021 was well beyond

5

the statute of limitations and is subject to dismissal unless the Petitioner can show that he is entitled to equitable tolling. As such, the Court will grant the Petitioner 21 days in which to explain why this matter should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

C. **Miscellaneous Motions**

In his Motion to Enforce and/or Contempt Order [Doc. 3], the Petitioner complains of his access to the courts and requests this Court order the North Carolina Division of Adult Correction to provide him with adequate access to persons trained in law to assist him in preparing meaningful papers and to exercise its contempt powers for any failure to comply with this Court's order. [Doc. 3]. In his second Motion to Enforce and/or Contempt Order [Doc. 6], the Petitioner requests this Court issue a "mandatory injunction" to accomplish the relief requested in his previously filed Motion to Enforce and/or Contempt Order [Doc. 3] on grounds that he is suffering imminent and irreparable injury with respect to his access to courts. [Doc. 6].

Prisoners are guaranteed the right of meaningful access to the courts under the U.S. Constitution. Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). However, to show a denial of access to the courts, a prisoner must show that he or she was actually injured by

6

interference such that his efforts to pursue legal claims were hindered. Lewis v. Casey, 518 U.S. 343, 349-351, 116 S.Ct. 2174, 145 L.Ed.2d 606 (1996).

The Petitioner fails to demonstrate to this Court that he has been prevented by corrections officials from pursuing his legal claims such to warrant any action or intervention by this Court. The Petitioner does not sufficiently describe any specific actions that have hindered his ability to pursue his claims. He is representing himself in this action and he has filed his § 2254 petition and submitted other motions to this Court. As such, his motion [Doc. 3] is denied.

The Petitioner likewise is not entitled to any injunctive relief. To obtain a preliminary injunction, the movant must establish 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. Di Biase v. SPX Corp., 872 F.3d 224, 229 (4th Cir. 2017). A preliminary injunction is an extraordinary remedy. Pashby v. Delia, 709 F.3d 307, 319 (4th Cir. 2013). "Mandatory" preliminary injunctions as requested by the Petitioner compel action and "do not preserve the status quo." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). They are even more extraordinary and should only be granted "when the exigencies of the situation demand such relief." Id. The Petitioner's

7

Case 1:21-cv-00058-MR   Document 8   Filed 09/22/21   Page 7 of 9

allegations of denial of access to the courts are conclusory and unsupported and he cannot show likelihood of success on the merits or that he will suffer imminent and irreparable harm in the absence of injunctive relief.  As such, the Petitioner is not entitled to issuance of any injunction and his motion [Doc. 7] is denied.

In his Motion to Allow Plaintiff to Plead Guilty and Other Miscellaneous Requests, the Petitioner points out that his § 2254 petition attacks entry of his guilty plea and accuses counsel of subornation of perjury with respect to entry of the Petitioner's guilty plea. [Doc. 7 at 2].  The Petitioner requests this Court to allow him to enter a guilty plea to perjury in exchange for this Court ordering that his trial counsel be indicted on the charge of suborning his perjured testimony and that any sentence handed down against him be consolidated into his existing life sentence.  [Doc. 7 at 3-4].  The Petitioner is not entitled to any of the relief sought in his motion.  This Court has no jurisdiction to order criminal charges be brought against his former trial counsel or any other individual in connection with his state court conviction.  As such, the motion [Doc. 7] is denied.

8

Case 1:21-cv-00058-MR   Document 8   Filed 09/22/21   Page 8 of 9

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner shall, within 21 days of entry of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus [Doc. 1] should not be dismissed as untimely. Failure to comply with this Order shall result in dismissal of the Petition.

2. The Clerk of Court is respectfully directed to substitute Erik A. Hooks, Secretary of the North Carolina Department of Public Safety, as the respondent in this action.

3. The Petitioner's Motion to Proceed *in Forma Pauperis* [Doc. 2] is **GRANTED**.

4. The Petitioner's Motion to Enforce and/or Contempt Order [Doc. 3], Motion to Enforce and/or Contempt Order [Doc. 6], and Motion to Allow Plaintiff to Plead Guilty and Other Miscellaneous Requests [Doc. 7] are **DENIED**.

**IT IS SO ORDERED.**   Signed: September 22, 2021

Martin Reidinger
Chief United States District Judge