## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:21-cv-00058-MR

JIMMY ALLEN ROBERTS,     )
                                )
     Petitioner,         )
                                )    **<u>MEMORANDUM OF</u>**
vs.                         )    **<u>DECISION AND ORDER</u>**
                                )
ERIK A. HOOKS, Secretary of     )
Department of Public Safety,    )
                                )
     Respondent.       )
_____ )

     **THIS MATTER** is before the Court upon the Response [Doc. 12] filed by the Petitioner on October 7, 2021, following this Court's Order [Doc. 8] directing the Petitioner to address why his § 2254 Petition should not be dismissed as untimely.  Also before the Court is the Petitioner's Motion to Amend his Response, filed on November 4, 2021 [Doc. 13].

## I.    BACKGROUND

     The Petitioner is a prisoner of the State of North Carolina.  The Petitioner seeks to challenge his April 9, 2003 judgment of the Burke County Superior Court, wherein the Petitioner pleaded guilty to first degree murder (two counts).  [Doc. 1 at 1].  The Petitioner was sentenced to life imprisonment.  [Id.]  The Petitioner did not file a direct appeal.  [Id. at 2].

The Petitioner filed a post-conviction Motion for Appropriate Relief in the Burke County Superior Court on October 8, 2004, which he states was dismissed on September 4, 2011. [Id. at 3]. The Petitioner did not seek appellate review. [Id.].

Approximately eight years later in September 2019, the Petitioner filed a Petition for Writ of Habeas Corpus in Nash County Superior Court, which was dismissed on October 21, 2019. [Id. at 4]. The Petitioner sought certiorari review, which the North Carolina Court of Appeals denied on March 6, 2020. [Id. at 12]. The Petitioner filed a Notice of Appeal in the North Carolina Supreme Court seeking certification for discretionary review, which was denied on December 22, 2020. [Id.].

The Petitioner filed his § 2254 Petition for Writ of Habeas Corpus in this Court on February 25, 2021. [Doc. 1]. Following this Court's initial review of the Petition, the Court entered an Order directing the Petitioner to show cause why the Petition should not be dismissed as untimely. [Doc. 8].

The Petitioner filed his Response to the Court's Order on October 7, 2021 [Doc. 10]. On November 4, 2021, the Petitioner filed a Motion requesting to amend his Response. [Doc. 13].

## II.   DISCUSSION

### A.   <u>Timeliness of § 2254 Petition</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1).  The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Id.</u>  The limitation period is tolled during the pendency of a properly filed application for State post-conviction action.  28 U.S.C. § 2244(d)(2).

The Petitioner's judgment of conviction was entered in the trial court on April 9, 2003.  Because the Petitioner did not file a direct appeal, his

3

conviction became final fourteen days later on April 23, 2003, when the time for seeking appellate review expired. See N.C. R.App. 4(a)(2)(providing 14 days in which to file notice of appeal of criminal judgment). The Petitioner then had one year until April 23, 2004 in which to timely file his petition for writ of habeas corpus under 28 U.S.C. § 2254. See § 2244(d)(1)(A).

Although the Petitioner filed a Motion for Appropriate Relief ("MAR") in state court seeking post-conviction review, he did not do so until October 8, 2004—almost six months after his § 2254 statute of limitations had expired. Therefore, the Petitioner's post-conviction MAR did not toll the one-year limitations period for seeking § 2254 review because the Petitioner filed the MAR after the limitations period had already expired. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Even if it did toll the limitations period, the MAR was dismissed on September 4, 2011, and the Petitioner did not seek appellate review. Therefore, the § 2254 petition filed on February 25, 2021, was well beyond the statute of limitations.

## B.  Equitable Tolling

In his Response addressing the timeliness of his § 2254 petition, the Petitioner argues that he satisfies the requirements for the application of

4

equitable tolling. [Doc. 12]. The Petitioner states that his opportunities for use of the law libraries has been limited, restricted, and inadequate. [Id. at 3-4]. The Petitioner complains that policies of the North Carolina Department of Public Safety ("NCDPS") have foreclosed his access to legal resources to the extent that they "have been substantively nonexistent from the first day of his incarceration until the present." [Id. at 4]. The Petitioner argues that NCDPS policies have created an impediment that prevented him from being able to timely file a habeas petition. [Id. at 5-6].

The Petitioner further states that he was forced to rely solely upon assistance from North Carolina Prisoner Legal Services ("NCPLS"). He complains the NCPLS merely provided him with blank forms and procedural instructions and never provided him with access to persons trained in law to assist him with preparing and filing legal papers. [Id. at 6-8]. The Petitioner requests the Court apply equitable tolling and deem his § 2254 petition to be timely filed. [Id. at 14].

The Petitioner has filed a motion seeking leave to amend his response [Doc. 13], which the Court grants and considers the Petitioner's additional arguments. The Petitioner argues that prison officials made every effort to subvert prisoners' access to legal materials and he complains about the lack of access to law libraries and lack of assistance given to him by the NCPLS.

5

The Petitioner further states that it was not until he was transferred to Marion Correctional Institution in March 2004 that he met two fellow prisoners who assisted him in preparing and filing his first post-conviction motion and that he has been persistent in seeking redress.[1]  [Id. at 3-6].

Equitable tolling of the statute of limitations for an otherwise untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing.  Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010).  Equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

The Petitioner has not met his burden to establish that equitable tolling applies to excuse the untimeliness of his § 2254 petition.  The Petitioner does not allege sufficient facts that identify any extraordinary circumstances

_____

[1] As such, the Petitioner concedes that he had some assistance regarding his post-judgment petitions before the statute of limitations expired.  The Petitioner, however, does not explain his years of inaction after having had access to such assistance.

occurred to prevent him from timely filing his petition. The Petitioner's complaints concerning access to legal assistance do not constitute the type of extraordinary circumstances or egregious misconduct to justify the application of equitable tolling. Lack of access to a law library or lack of legal knowledge do not constitute extraordinary circumstances outside of his control that would warrant equitable tolling. Garcia Negrete v. United States, 2020 WL 2041342, *2 (W.D.N.C. April 28, 2020). See also United States v. Sosa, 354 F.3d 507, 512 (4th Cir. 2004)(ignorance of the law does not provide a basis for equitable tolling); Buchnowski v. White, 2013 WL 171540, * 3 (W.D.N.C. January 16, 2013)(absence of law libraries is not grounds for equitable tolling).

The Petitioner fails to show how he diligently pursued his rights and cannot satisfy his burden for equitable tolling. As such, equitable tolling does not apply to excuse the untimely filing of the § 2254 petition and it shall be dismissed.

## III.    CONCLUSION

For the reasons stated herein, the § 2254 Petition for Writ of Habeas Corpus [Doc. 1] shall be dismissed as untimely, as the Petitioner fails to establish that he is entitled to equitable tolling.

7

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Amend Response [Doc. 13] is **GRANTED**.

2. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

3. The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Signed: July 24, 2022

Martin Reidinger
Chief United States District Judge